And go on to the next case on the calendar. Thank you. The next case is Tolle v. Bowser, 24-5862. Good morning, Your Honors, and may it please the Court, Julie Vandiver on behalf of Benjamin Tolle. I hope to reserve two minutes of my time for rebuttal. Okay. The central issue in this appeal is when the double jeopardy ineffectiveness claim was procedurally defaulted in state court. And Mr. Tolle asserts in this appeal that that default happened at the initial stage of post-conviction review and that the district court erred in finding that the default happened later when the claim was not included in a petition for review to the Oregon Supreme Court. And if the Court agrees with Mr. Tolle on that threshold question, then the next questions really also fall in his favor, which is what is the basis of the Court of Appeals opinion, which under Ilst is that it was, we look through to that procedural ruling from the PCR court and also on the merits, the district court's alternative merits question, which if the Court agrees on that initial question, then the district court incorrectly applied the AEDPA standard to this claim. So how should we read that transcript? Are you talking about the PCR oral argument transcript? Yes. Sure. So there's a great amount of emphasis on the district court, in the district court opinion, on whether or not the trial, or the PCR trial attorney abandoned the claim. And so I want to answer your question. I think he definitely did agree with the state's attorney. He did not try to advance the claim. But I also want to urge the court that it's irrelevant what he did at that oral argument because the defect that the court applied in its written opinion is that there weren't attachments as required by the state rule filed to support that claim. And that the claim was deficiently pled in that there were not arguments made about what the trial attorney could have said in making the double jeopardy claim, or the double jeopardy objection at trial. So setting aside that I'm not sure what attachments there would be in a double jeopardy argument. Yeah. So I'm just setting that aside for a second. I'm looking at, I'm trying to figure out what your position is and what we should decide about what the court actually relied upon because the state advanced both arguments, right? Yes. I'm not sure I understand your question. Well, the state advanced both arguments. They said that there was a problem with the attachment rule and they said, oh, and by the way, you could also look at the merit. I got you. And I want to first address your... Am I remembering this correctly? The state definitely threw them both out there and said in the alternative. Then the judge, I think, granted the state's motion on record and directed the state to draft the order. The state drafted the order and got to choose the basis on what... Well, the court had ruled on record and the state was memorializing that order, right? That ruling? The court had ruled, but the court's ruling was exceedingly general on the record. It says, I'm convinced by your arguments. I think we read it the same way, but I don't want to take up too much of your time on this point because we've poured over this. I'm trying to figure out why you think we should... The court said both things. My reader was certainly offered up both rationales in the alternative by the state and the court ruled in favor of the state. Why should we rule the way you want us to rule about on this transcript? Yes. So I think that the written opinion very clearly is based on procedural grounds. And there's two Ninth Circuit opinions that find that the procedural rules invoked by that opinion. One, in the paragraph two of that opinion, is a pleading deficit. They didn't plead ultimate facts. And the later ones are a violation of the attachment requirement. So regarding the pleading standards, this court in McGuigan versus Hall said that that is a procedural ruling. And as far as the attachment ruling, the court said in Erickson versus Courtney that that is a procedural ruling. When you look at Oregon state procedure, and this is Dat versus Hill, it says that in post-conviction review, there is a requirement that an opinion have a clear statement of the reason for the judgment. If the court is reaching a merits issue on a federal constitutional issue, it needs to say that I am breaching a federal constitutional issue. This opinion does not say that. And like you mentioned, was drafted by the state's attorney. They got to choose their basis. And they chose a procedural basis. I don't want to speculate about why they did it. But by doing so, there was at least a thought that that would deprive later merits review in federal court. And I do want to address your question about what attachments could have been supplied, because I think it's a really important issue. And the first trial transcript was never produced before habeas. So I think, you know, we asked for a hearing on cause and prejudice in the district court, and that would be a factual issue. But it seems likely that this attorney did not know what was said in the first trial, the PCR attorney. And those would have been these critical statements that the prosecutor said about, you know, if you find that he committed arson, if you find that he committed murder, then you're going to absolutely find yes on the physical injury enhancement factor, because he did more than that. He killed him. So that first trial would have been the critical attachment to include, to support this double jeopardy claim. In the transcript. Yes. Yes. Thank you.  And as far as whether the attorney, if you look at the oral argument, the attorney said, I didn't file a response to the motion for judgment on the pleadings, and said, I agree with the state's attorney. I've not been able to find any support for it. And then he, you know, includes this sort of description of the claim, and then concludes that statement with, and that's why we agree. He says, we don't agree on the other claim. And if you look at the state's attorney's argument, to your point, Your Honor, about the PCR court sort of generally endorsing the arguments of the state's attorney. If you look at the PCR oral argument, the state is really honing in at that oral argument on the lack of facts, and the lack of arguments in support of this double jeopardy claim, and saying, it's unfair. We kind of don't know how to address it, because there's just not, they haven't done what they're supposed to do in order to put the claim in front of the court. So I think that's really the basis for the state's argument, and the court's endorsement. And under Oregon law, we have to look at the written opinion controlling. You wanted to resume. I do. Yeah, thank you. You bet. May it please the court and counsel, Jordan Silk for the state. The written judgment in this case, and the arguments, I think the substance of the argument, it's messy, you can see it, like, the way that this came up in the post-conviction course, but I think it's analogous to a basis for moving to dismiss a claim when you could say that any motion to dismiss for failure to state a claim is procedural, but sometimes the fact that's missing as a pleading matter is the determinative fact for the purposes of the substance of the claim. That's not how I read the transcript. I read the transcript of the state to be making one argument, and then saying, oh, by the way, in the alternative, you could treat this as a summary judgment ruling, because they don't have evidence. Right. Well, and I think that's fair. But then when the judgment comes in and says there's nothing alleged that says what argument would be made to substantiate this double jeopardy claim, I think that's phrased in it, yes, phrased in a procedural manner, but the way that it's talked about in the briefing and the way that it comes through is ultimately saying, ultimately, you haven't identified any argument for why this has been necessarily decided against you, which is the merits, or necessarily decided by the first jury. And that is the ultimate merits question. And I think that the reason why that's the straightforward answer to this case is because the Ash test talks about whether a jury could have grounded their decision on a different basis than the decision that is, for which preclusive effect is sought. Could have grounded on that basis means a certain necessity, which is consistent with general claim preclusion principles, that if it's possible that, unless you can show that it necessarily was decided, then double jeopardy isn't a bar. What if we decide that the trial court, PCR court's ruling was ambiguous? Well, I think the first course I would suggest is to set aside the procedural ruling and reach the merits of the claim. What authority do you have? We have controlling authority, do we not, about what we do if we decide that the state court's ruling was ambiguous? Well, I think that the state court's ruling was ambiguous with respect to the procedural default. I mean, in terms of whether my argument's correct that the substance of what the court was ordering was really this, you can't marshal any support for an argument of why your first jury necessary decided this question. If that's ambiguous, I think that's still independent from the alternative ruling that essentially, yes, you, which was, I think, adopted orally at the PCR hearing. As the state side, I think we're miscommunicating, as the state sided authority for what rule attaches, if we decide that the state PCR court's ruling, which may have been alternative, if we decide that is ambiguous, what's the legal consequence of that? I suppose, I mean, I actually don't know the answer to that question as I stand here. All right. Thank you. I'm not sure if there's other questions. No. Okay. The Erickson case, so the incorporation by reference issue, I wanted to address the Asbill case. I mean, I think the Asbill and Soderstrom are getting at this idea that a PCR court can't just say, for all the reasons stated in the superintendent's trial memo, you know, claim denied. But they leave room for the idea of the record and the specific arguments providing that clarity that was absent. And the Erickson case is more of like the Bowen type case that we talked about earlier, where they, you know, that's a procedural ruling when you fail to allege a claim and then you try and press it later at the PCR trial. This is a different situation because we're talking about, you know, a claim that was raised and whether it was actually pressed on the merits and decided on the merits. So it's a different situation than the sort of clear Bowen procedural default situation. I think those were the main points I wanted to make. All right. Any further questions? The Court has any other questions? No. It doesn't appear we have. I'll ask the Court to affirm. Thank you. I wanted to address the question of whether it was treated like summary judgment and encourage the Court that even if the Court was applying a summary judgment standard, it's not necessarily a merits determination. And so the paragraph 5, which of the PCR opinion, which is on ER 43, says there's no genuine issue of material fact that petitioner has been unable to provide supporting documentation. This is a reference to the attachment rule. And the next paragraph is because petitioner has failed to support his claim, which is again a reference to the attachment rule. I do not think that this is an ambiguous opinion. This opinion is identifying procedural defects based on really clear Oregon law that you have to attach documents in support of your claims. And that's how, if we look back to the district court when this case first got to habeas, that's how the State was characterizing the dismissal of this claim, is that it was dismissed because of failure to abide by the attachment requirement. And that position only changed once Mr. Toll invoked the Martinez exception. So I certainly think that under Oregon law, which says the basis of the opinion, PCR opinion, has to be a clear statement that this can be read as clearly invoking procedural rules. And as DAT says, the reason for that is so the federal court to determine its jurisdiction. And I really disagree that Aspill and Soderstrom allow the court to incorporate by reference a party's arguments. They say the exact opposite. So just urge the court to find that the default happened at the initial stage of post-conviction review and remand to the district court for a Martinez determination. Thank you. Thank you both. Thank you. For your argument.
judges: BEA, CHRISTEN, DESAI